# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NOORANI TRADING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AB INTERNATIONAL, LLC, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 1:17-cv-01344-LMM <br><br> Jury Trial Demanded0 |

## AB INTERNATIONAL'S MOTION TO JOIN ADDITIONAL PARTIES AS COUNTERCLAIM DEFENDANTS

**COMES NOW** AB International, LLC, one of the Defendants in the above-styled action, and respectfully moves the Court to join as additional parties, Nadia Changani, Zain Changani and Zoya Changani, as Counterclaim Defendants herein. Nadia Changani, Zain Changani and Zoya Changani are the officers and shareholders of the tortfeasor Noorani Trading, Inc., as set forth in the attached Certificate of Interested Persons. See Exhibit J.

The Certificate of Interested Persons also identifies (1) "Inventions Unlimited LLC" (in which the members are Nadia Changani, Zoya Changani, and Zain Changani), and (2) "Changani LLC" (in which the members are Nadia Changani and Amin Changani) as having a financial or other interest in this case or who would be

1

significantly impacted by the results thereof. However, at this time, and without further discovery the extent of tortious, concerted, and/or conspiratorial conduct by these admittedly related entities cannot be presently quantified. Accordingly, AB International would respectfully seek the right subsequently to join these entities as Counterclaim Defendants, if discovery were to show that this would be warranted.

## I.   The Changani Officers/Shareholders Have Driven the Tortious Conduct Set Forth in the Counterclaims

This motion seeks to join Nadia Changani, Zain Changani and Zoya Changani, as Counterclaim Defendants herein pursuant to Fed. R. Civ. P. 20(a), holding them jointly and severally liable with Noorani (collectively sometimes "the Counterclaim Defendants") for their tortious conduct and the injuries caused thereby to AB International.

As set forth in the Counterclaims, Nadia Changani, Zain Changani and Zoya Changani, are the corporate officers of Noorani, which is a close corporation wherein the shareholders are also Nadia Changani, Zain Changani and Zoya Changani.

> 201. Noorani Trading Inc., Nadia Changani, Zain Changani and Zoya Changani are collectively referred to herein as "the individual Noorani Counter-Defendants" or "the Changani officers/shareholders".
>
> 202. The individual Noorani Counter-Defendants, as the officers and shareholders of Noorani (i) have engaged in and developed a pattern, framework and conspiracy to injure AB International; (ii) have a financial interest in Noorani Trading; (iii) intend to profit personally,

individually and collectively therefore; (iv) dominate and completely control the affairs of Noorani Trading Inc., and (v) have personally, individually and collectively directed the tortious conduct of Noorani Trading set forth herein.

203. Because the individual Noorani Counter-Defendants directly control the business activities of Noorani Trading, personally participate therein, and have complete knowledge thereof, and because the Noorani Counter-Defendants willfully caused, or, in the alternative, acted recklessly in causing Noorani Trading to engage in the conduct complained of herein, each of The Noorani Counter-Defendants is to be deemed jointly and severally liable for each cause of action asserted herein.

204. If one of the Noorani Counter-Defendants avoids liability, it would afford all other Noorani Counter-Defendant(s) a means for continuing their tortious conduct.

Accordingly, it is clear that there is **no one else** that could have directed the tortious conduct that is pleaded in the Counterclaims.

## II.     Liability of Corporate Officers for Tortious Conduct.

Joinder of the Changani officers/shareholders is proper under Rule 20(a) of the Federal Rules of Civil Procedure. As the individuals directing the tortious actions of Noorani at issue in this case, the Changani officers *qua* agents are subject to the jurisdiction and venue of this Court for the same reasons as is Noorani, the principal. Thus, leave should be granted to join Nadia Changani, Zain Changani and Zoya Changani as Counter Defendants to the Counterclaims hereof.

### III. The Prevailing Legal Standards.

"[A] corporate officer who takes part in the commission of a tort committed by the corporation is personally liable therefor." *Almond v. McCranie*, 643 S.E.2d 535, 537 (Ga. Ct. App. 2007).

"[A] corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil." *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) (per curiam).

Further, "An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement." *S. Bell Tel & Tel. v. Assoc. Tel. Dir. Publishers*, 756 F.2d 801, 811 (11th Cir. 1985).

Rule 13(h) of the Federal Rules of Civil Procedure provides for the joinder of additional parties to a counterclaim other than those parties to the original action, in accordance with the provisions of Rule 20.

Rule 20(a)(2) FRCP specifically provides for joinder when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all [counter] defendants will arise in the action."

The purpose of Rule 20 FRCP is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Alexander v. Fulton,* 207 F.3d 1303, 1323 (11th Cir.2000) (citing *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir.1974)), *overruled on other grounds,* 338 F.3d 1304, 1328 (11th Cir.2003). To this end, courts should seek the broadest possible scope of an action consistent with fairness to the parties. *Id.* (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

### IV. The Specific Tortious Conduct Alleged Against the Noorani Counter Defendants.

As set forth in more detail in the Counterclaim,

211. More specifically, the Noorani Counter-Defendants have made statements to the trade, as exemplified by written and/or oral communications, which written and/or oral communications are libelous, *per se* and contain false and misleading statements – all for the express purpose of the tortious misappropriation of the business properties of another based upon known falsehood.

5

212. One example is set forth on the attached letter of Chicago Import Inc.:



**IMPORTER, EXPORTER AND DISTRIBUTOR OF GENERAL MERCHANDISE**

TOYS • APPLIANCES • WATCHES & CLOCKS • GIFTS & NOVELTIES • BATTERIES • LIGHTERS
DOLLAR STORE MERCHANDISE • MEDICINES & ENERGY SUPPLEMENTS • COSMETICS
TEXTILES GARMENTS • MP3 & MP4 PLAYERS • ELECTRONICS • HEALTH & BEATY SUPPLIES
DVD & MOVIES • CLOSEOUTS • DIE-CAST COLLECTIBLE CARS • A/V ACCESSORIES

### TO WHOM IT MAY CONCERN

I want to make sworn statement that during my telephonic conversation and a personal meeting at the ASD Market Week Show in Las Vegas with NADIA CHANGANI of Noorari Trading Inc told me that every company needs to sign the Distributors Agreement to be eligible to sell Noorani Trading products.

After following up with her over the email and telephone we realized that her contract said that Chicago Import will not be allowed to sell Noorani Trading product if we support and sell the products of their competitor.

Ms. Changani during the phone conversation mentioned that she will not sell her product to Chicago Import if we sold their competitors product line specifically the PI and Blunt Life incense brands. She had absolutely no problem if we sold Song of Sudan brand incense. The emails sent by our Account Executive Mersha DeSilva asking for the clarification on products of which company could not be sold by Chicago Import as per the Distributors Agreement was never replied.

ASHOKKUMAR D. PUNJABI
PRESIDENT
CHICAGO IMPORT INC

September 16, 2017

3801-11 W. Lawrence Ave. • Chicago, IL 60625 • 773.478.3200 • Fax: 773.478.4974 • Email: sales@chicagoimportinc.net
www.chicagoimportinc.net

\*\*\*

6

217. As alleged above, the Noorani Counter-Defendants have made false and disparaging statements to entities and individuals throughout the relevant products industry, and specifically that AB International is supposedly not lawfully entitled to sell its products, while all the time the Noorani Counter-Defendants have been aware that there is no confusion as to source of origin with AB's BLUNTLIFE incense and air freshener products.

\*\*\*

228. Specifically, the Noorani Counter-Defendants has advertised its products while wrongfully claiming that Plaintiffs Supplement Center et al. do not have the lawful right to sell their products, and specifically that Plaintiffs' products include characteristics that would violate the Court's Preliminary Injunction, such and with the direct implication and misleading intent that those who purchase this competing product will also be sued by the Noorani Counter-Defendants all the while when Noorani et al. indisputably know these assertions are false and/ or misleading. the Noorani Counter-Defendants al. willfully and repeatedly continue to cease from this unlawful course of conduct, to the continuing and extreme detriment of Plaintiffs.

\*\*\*

248. **Antitrust Injury, Standing and Damages.** The Counterclaim Defendants' attempts and threats of enforcing baseless claims through the courts are anticompetitive. AB International and the marketplace have been damaged by The Noorani Counter-Defendants anticompetitive acts. The Noorani Counter-Defendants attempted monopolization has injured AB International, as The Noorani Counter-Defendants are attempting to exclude the AB International from the relevant submarket. And Ab International has been forced to incur the expense of defending The Noorani Counter-Defendants' baseless "Green" Packaging claims, and in responding to threats to sue their customers, and further to respond *in futuro* to and to refute false and misleading statements made to members of the purchasing public in reference to the present litigation As exemplified in the Noorani Counter-Defendants' filing and maintenance of the Second Amended Complaint. Accordingly, AB International is entitled to its actual

damages, trebled, to attorney's fees under 15 U.S.C. § 15, and to injunctive relief to enjoin the Noorani Counter-Defendants unlawful practices under 15 U.S.C. § 26.

***

253. **The Anti-Trust Violation.** The Counterclaim-Defendant's objectively baseless trade dress claims in this lawsuit and, on information and belief the threats to sue other persons for using the color green in packaging for incense and /or air freshener products, and engaging in contracts, combinations and/or conspiracies to refuse to deal in AB International's products violates Section 2 of the Sherman Act.

254. **Unreasonable Restraint on Trade.** The Noorani Counter-Defendants are aware has admitted in the Second Amended Complaint hereof that it has economic market power in the relevant market, and accordingly is judicially estopped to deny same. The sham litigation and threats of litigation of the Noorani Counter-Defendants are aware in an attempt to extend its market power through over-extending the reach of the alleged trade dress and its contracts, combinations and conspiracies comprising concerted refusals to deal in AB International products are in violation of Section 2 of the Sherman Act.

## CONCLUSION

For all of the above-stated reasons, AB International respectfully requests that the Court grant its motion to add Nadia Changani, Zain Changani and Zoya Changani as Defendants-in-Counterclaim, in order that the individuals controlling the actions of Noorani Trading, Inc. may be joined, and thus will be subject to any Judgment rendered by this Court.

Respectfully submitted this 13th day of January, 2019,

*/s/ Robert M. Ward*
Robert M. Ward
(Georgia Bar 775401)
3455 Peachtree Road NE, 5th Floor
Atlanta, GA 30326
Telephone: (404) 606-6480
rward@bmwiplaw.com

*Attorney for Defendants/Counterclaimant*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Court's CM/ECF.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ RM Ward*

*Attorney for Defendants/Counterclaimant*