IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NOORANI TRADING, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 1:17-cv-01344-LMM |
| v. | : | |
| | : | **DECLARATION OF** |
| AMIT F. BIJANI, | : | **HUGH C. WOOD** |
| AB INTERNATIONAL, LLC, | : | |
| NAFISA BIJANI, | : | |
| N.F. INTERNATIONAL, INC., and | : | |
| STAR IMPORTERS & WHOLESALERS, INC., | : | |
| | : | |
| Defendants. | : | |

I, Hugh C. Wood, declare and state as follows:

1.  This Declaration is made in support of Plaintiff's motion for an award of attorney's fees and related non-taxable expenses. I am *sui juris* and have personal knowledge of the facts and statements made herein.

2.  I am Hugh C. Wood. I am an attorney. I have practiced in metro-Atlanta for over 3 decades with Wood & Meredith. My practice over the years has concentrated in business litigation, real estate litigation, fiduciary litigation, probate litigation and lender defense. I graduated with honors from Auburn University, obtained a law degree from the University of Alabama and an LL.M. from Emory Law School in Atlanta, Georgia. I am admitted to practice in Virginia, West Virginia and Georgia. I am admitted to the United States District Court for the Northern District of Georgia and the United States District Court for

the Middle District of Georgia. I am admitted to practice before the Georgia Court of Appeals, the Georgia Supreme Court and the United States Supreme Court.

3. In 1996, or thereabouts, my partner, Dwight Meredith, (formerly of Smith, Gambrell & Russell (SGR)) and I started an ICLEGA CLE with the Georgia State Bar, exclusively focused on "abusive litigation" and the obtainment of attorneys' fees in litigation. I chaired the CLE for approximately a decade and then turned the chairmanship over to other lawyers, (Frank Beltran, Esquire and then Ken Jackson, Esquire). This CLE for the Georgia State Bar continues to this day – March 23, 2023. I have presented in many seminars over my career on litigation matters, fiduciary litigation, probate matters and attorney's fees

4. I reviewed the declarations of A. Todd Merolla, and J. Rodgers Lunsford III filed in connection with the request for an award of attorney's fees and litigation expenses. I reviewed the declaration of A. Todd Merolla, including the Exhibits he refers to inside the Declaration and the docket sheet entries from this case. Also, I have reviewed A. Todd Merolla's timesheets (approximately 40 pages) which begin on August 15, 2018 and continue through at the time of this review to March 20, 2023. The timesheet contains approximately 1,070.9 hours totaling $438,769.50 to Merolla & Gold, LLP.

5. I reviewed the Merolla & Gold, LLP time and expense records attached to Mr. Merolla's declaration as Exhibit 1 thereto. Those records indicate his billing rate was $395 per hour in 2018 and $425 per hour from January 1, 2019

through March 20, 2023.

6. I have reviewed the cost and billing invoices associated with Computer Forensic Resources and the charges it made to Merolla & Gold, LLP on behalf of Noorani Trading, Inc. I reviewed the invoices from HDH Advisors, LLC to Merolla & Gold, LLP for Noorani Trading. I reviewed the invoices from Infinity Advisory Services, LLP. I reviewed the agreement and billings from Ken Hollander Associates of Rancho Mirage, California to Merolla & Gold, LLP.

7. I have reviewed the declaration of J. Rodgers Lunsford III regarding SGR attorneys' fees. [SGR/42296918.1] being approximately 10 pages long. I have reviewed Exhibit A to the declaration of J. Rodgers Lunsford III, being a summary of the time billed by SG and R from March 27, 2017 through October 1, 2020. [-SGR/42247534.4] being a landscape print document, 130 pages. I have reviewed the biographies for the professionals identified in Mr. Lunsford's declaration published on the SGR website and in other places.

8. I familiarized myself with the record in the case to be able to make this declaration. I reviewed the PACER Docket Sheet in 1:17-cv-01344-LLM, which docket sheet contains docket entries from 1 through Docket 390. I have reviewed the Complaint. Docket Entry No. 1 with Exhibits 1 through 27. The Defendants' initial Answer filed at Docket Entry 17, Answer to Amended Complaint at Docket 50. I reviewed the in-court transcripts that appear at Docket 15, Docket Entry 117, Docket Entry 218, Docket Entry 322, Docket Entry 380,

381, 382, 383, 384, 385, 386, 387, 388, 389, and 390.

9. I have reviewed the record in this case, and it is my opinion that the number of hours spent on this case at the rates presented are reasonable under the totality of the circumstances. The amount of legal work required to obtain a preliminary injunction in the United States District Court for the Northern District of Georgia are significant. Plaintiff obtained such injunctive relief at the outset. The Sanctions Order came only after a number of prior discovery orders that evidenced the Defendants' willful and bad faith conduct. It is rare to have pleadings struck for discovery abuse. In this case, the rare occurrence of discovery abuse necessitated striking the pleadings and extensive work product to be continued by Plaintiff's attorneys.

10. Civil jury trials are fairly rare. However, Defendants forced Plaintiff through a 4-day jury trial in federal court – on which Plaintiffs prevailed. In fact, the jury verdict and judgment were in the amount of $1,900,000.00. This amount is 475 times the amount the Defendants argued that was their maximum exposure before the jury. This was an extraordinary result from the hours expended and the skill of the attorneys that presented Plaintiff's case.

11. Based on my knowledge of the metro-Atlanta legal market, the hourly rate charged by Mr. Merolla – who achieved a quite successful jury verdict of $1,900,000 in a four-day trial – is at or below the prevailing market rate for attorney's of a comparable skill, experience and reputation that practice law in

4

Atlanta.

12. I also reviewed the SGR time and expense records attached to Mr. Lunsford's declaration. Those records indicate the composite billing rate for all SGR professionals that provided services to Plaintiff in this case was $433 per hour.

13. Based on my knowledge of the metro-Atlanta legal market, the hourly rates charged by the SGR professionals conform to the prevailing local rates for attorneys and professional in similarly sized firms as SGR in the metro-Atlanta (with one partner in Washington, DC) area with comparable skill, experience, and reputation.

14. Based on my review of some of the pleadings, motions, briefs, court orders, court appearances, and trial transcripts, in this case, the time expended by Merolla & Gold, LLP and SGR was reasonable and necessary, and the amount of attorney's fees and litigation expenses charged was fair and proper.

15. My customary hourly rate as of the date of this Declaration is $375.00 per hour. I charged Plaintiff $2,500.00 for reviewing the record and the submitted time and expense records, and providing this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

This 20th day of March, 2023.

                                               _____
                                               HUGH C. WOOD